**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re Petition of | ) | |
| | ) | |
| | ) | |
| INVICTUS GLOBAL MANAGEMENT, LLC, | ) | MISC. No. 22-mc-130 |
| | ) | |
| | ) | |
| | ) | |
| Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | ) ) ) | |

### *EX PARTE* PETITION OF INVICTUS GLOBAL MANAGEMENT, LLC FOR AN ORDER TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

1.      Petitioner Invictus Global Management, LLC ("Petitioner" or "Invictus"), pursuant to 28 U.S.C. § 1782 ("Section 1782"), the Federal Rules of Civil Procedure, and the local rules of this District, respectfully moves this Court for an *ex parte* order authorizing Petitioner to take discovery, in the form attached hereto. In further support of its Petition, Invictus submits a Memorandum of Law and attaches the Declaration of Mark Chudleigh, an attorney admitted to practice in Bermuda, dated May 5, 2022 (the "Chudleigh Declaration"), and the Declaration of Minyao Wang, an attorney admitted to practice before this Court, dated May 6, 2022 (the "Wang Declaration"), plus the exhibits attached to the two Declarations.

2.      Petitioner seeks the assistance of this Court to obtain discovery from (i) Apollo Global Management, Inc. ("Apollo"), and (ii) Marc Rowan, a co-founder and the current Chief Executive Officer of Apollo, ("Mr. Rowan" and together with Apollo, "Respondents"). Petitioner's specific discovery requests are set forth in the proposed subpoenas attached as Exhibits A and B to the Wang Declaration. The requested discovery pertains to the fair value of the shares

of Athene Holdings Ltd. ("Athene" or the "Company") previously held by Petitioner. If this Petition is granted, Invictus will use the requested discovery in connection with an appraisal proceeding (the "Appraisal Proceeding") currently pending in the Supreme Court of Bermuda (the "Bermuda Supreme Court"). Petitioner is a party to the Appraisal Proceeding.

3.      As further explained in the accompanying Memorandum of Law, Athene is an insurance company incorporated in Bermuda. It was listed on the New York Stock Exchange from 2016 to January 2022. Apollo and Athene have had a long and complex relationship, as further explained in the Memorandum of Law. Apollo was the subject of litigation alleging that it had improperly extracted value from Athene. In a stock-for-stock transaction (the "Merger") orchestrated by Mr. Rowan, Athene was merged into Apollo in January 2022. Petitioner's shares in Athene were involuntarily extinguished in the Merger. As a result of the Merger, Apollo is the majority owner of Athene.

4.      In connection with the Merger, Athene holders received 1.149 shares of Apollo common stock for each share of Athene stock (the "Conversion Ratio"). In Petitioner's view, this Conversion Ratio seriously undervalued its shares in the Company. Petitioner has dissented under Bermuda law and is pursuing the Appraisal Proceeding to recover the full value of its Athene shares.

5.      Invictus' proposed discovery is aimed at obtaining information directly relevant to the critical issues in the Appraisal Proceeding, such as the fair value of Petitioner's Athene shares, the methods Apollo used to arrive at the Conversion Ratio, the timing of the Merger announcement, the negotiation process between Respondents and the Company's so-called special committee, the conflict of interest concerns that have long tainted the Apollo-Athene relationship, and the approval process for the Merger.

6.      Apollo is incorporated in Delaware and headquartered in New York City. Mr. Rowan is an American citizen who lives in the United States. As set forth in the Chudleigh Declaration, the discovery sought by Invictus herein cannot be, as a practical matter, obtained in the Appraisal Proceeding because Apollo and Mr. Rowan are beyond the jurisdictional reach of the Bermuda Supreme Court.

7.      Section 1782 permits litigants in a foreign legal proceeding to invoke the power of a federal district court to obtain discovery for use in that foreign proceeding. Section 1782(a) states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

8.      The statutory requirements of Section 1782 are satisfied here. As explained in the accompanying submissions, (1) both Respondents are "found" in this District within the meaning of Section 1782, (2) the discovery sought herein will be used in the Appraisal Proceeding, and (3) Petitioner is an "interested person" in that proceeding.

9.      This Petition also meets the discretionary factors relevant under Section 1782, as explained further in the accompanying Memorandum of Law: (1) neither Respondent is a party to the Appraisal Proceeding; (2) the Bermuda Supreme Court will be receptive to judicial assistance from this Court pursuant to Section 1782; (3) Petitioner is not attempting to circumvent foreign proof-gathering restrictions; and (4) the proposed discovery is not intrusive or burdensome. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

10.     Consistent with the prevailing practices of district courts in this Circuit for Section 1782 discovery, Petitioner submits that *ex parte* relief is warranted here. The typical practice in this Circuit under Section 1782 is for the court to authorize issuance of a subpoena *ex parte* on the

3

basis of a petitioner's submissions. If the respondent believes that it should not be subject to Section 1782, it can then file a motion with the court to quash the subpoena. *See, e.g., In re Hellard*, 2022 WL 656792 (S.D.N.Y. Mar. 4, 2022); *In re the Application of PJSC National Bank Trust*, No. 21-mc-00867 (PKC) (S.D.N.Y. Jan. 5, 2022). This *ex parte* process would not prejudice Respondents because Respondents would have the opportunity to move for relief prior to the deadlines to comply with Petitioner's subpoenas.

11.     Petitioner therefore respectfully requests that this Court expeditiously grant the Petition for an *ex parte* order authorizing Petitioner to serve Respondents with subpoenas substantively in the form set forth as Exhibits A and B to the Wang Declaration.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

a.  Granting Invictus Petition for discovery under 28 U.S.C. § 1782;

b.  Authorizing Petitioner to take discovery from Respondents, by issuing the Subpoenas substantively in the form set forth as Exhibits A and B to the Wang Declaration; and

c.  Directing Respondents to comply with the Subpoenas issued in this proceeding in accordance with the Federal Rules of Civil Procedure and the Order of this Court.

Dated:  May 6, 2022

REID COLLINS & TSAI LLP

*/s/ William T. Reid, IV*
William T. Reid, IV
Rachel Fleishman
Minyao Wang
Yonah Jaffe
330 West 58th Street, Suite 403
New York, NY 10019
(212) 344-5200
wreid@reidcollins.com
rfleishman@reidcollins.com
mwang@reidcollins.com
yjaffe@reidcollins.com

Jonathan M. Kass
300 Delaware Avenue
Suite 770
Wilmington, DE  19801
(302) 467-1765
jkass@reidcollins.com

*Attorneys for Petitioner*