REID COLLINS & TSAI LLP
330 West 58th Street
Suite 403
New York, New York 10019
Main:  212.344.5200
Fax:  212.344.5299
www.reidcollins.com

Minyao Wang |
Direct:  212.344-5206
mwang@reidcollins.com

# reid | collins

October 19, 2022

Hon. Andrew L. Carter, Jr.
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 435
New York, NY 10007

   Re: *In re Petition of Invictus Global Management, Inc.*; Misc. No. 1:22-mc-00130-ALC
     (S.D.N.Y.)

Dear Judge Carter:

   We represent Invictus Global Management, LLC ("Petitioner") in this discovery application filed under 28 U.S.C. § 1782 to obtain discovery from Apollo for use in a Bermuda appraisal proceeding concerning the value of Athene Holding Ltd. ("Athene").  We write in response to the pre-motion letters submitted by (i) Athene (ECF No. 28), seeking to intervene in this action and to vacate the *ex parte* Order granting Petitioner's discovery application (ECF No. 11); and (ii) Apollo Global Management, Inc. ("Apollo") and its chairman, Marc Rowan (together, "Respondents") (ECF No. 29), seeking to quash Petitioner's subpoenas.  Petitioner will not oppose Athene's intervention, but otherwise will oppose both proposed motions on the merits.[1]

   Petitioner's Memorandum of Law in support of its petition (ECF No. 5) explains the grounds for the Application.  In short, Mr. Rowan orchestrated a merger in 2021-2022 through which Apollo, which influenced and controlled Athene, extinguished the ownership of all non-Apollo shareholders (the "Merger").  Each minority shareholder received 1.149 shares of Apollo stock per Athene share.  Certain dissenting shareholders brought the Bermuda appraisal proceeding on the basis that this ratio undervalued their stakes in Athene and are seeking a judicial determination of Athene's fair value.

---

[1] The Court so-ordered several letter requests extending the deadline for these motions.  The most recent request set (ECF No. 27) October 14, 2022, as the motion deadline, with opposition due October 28, 2022 and replies due November 4, 2022.  Respondents and Apollo do not oppose Petitioner's request for three weeks to oppose the motions to vacate if and when they are filed.

Hon. Judge Andrew L. Carter
October 19, 2022
Page 2

After the Court granted the Order, Petitioners served subpoenas seeking documents and testimony.  The parties met and conferred but did not reach agreement to resolve their disputes consensually. [2]

Respondents and Athene now seek to vacate the Order and quash the subpoenas, but their contentions regarding Petitioner's subpoenas are misplaced and contrary to settled law.

*First*, Athene raises for the first time in its pre-motion letter (without ever mentioning this issue to Petitioner) that Invictus Special Situations Master I, LP is the claimant in the Bermuda proceedings, not Petitioner Invictus Global Management, LLC.  Now that this inadvertent error has been brought to our attention, we will promptly seek to substitute the real party in interest, either by stipulation or if necessary, by motion.[3] *See* F.R.C.P. 17(a)(3); *Klein on behalf of Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 226 (2d Cir. 2018) (noting that leave for substitution is liberally granted).

*Second*, Respondents assert that due to the "nature of an appraisal proceeding" a pre-merger shareholder and the merger counterparty is not a "proper source" of valuation information.  That is simply incorrect.  Section 1782 has been used to obtain discovery for use in foreign appraisal proceedings.  *See*, *e.g., In re Kingstown Partners Master Ltd.,* 2022 WL 1081333, at *1 (S.D.N.Y. April 8, 2022) (granting discovery against advisers, pre-merger shareholders and potential merger counterparty); *In re Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 2021 WL 1611673, at *1 (E.D. Mo. April 26, 2021) (authorizing discovery against an entity which was a pre-merger shareholder and a merger counter party).

*Third*, Respondents argue that Petitioner must try to obtain the requested discovery from Athene in the Bermuda proceeding rather than from Apollo in this proceeding.  But Athene cannot provide internal Apollo documents and communications concerning the Merger, and even if there is an overlap, that is not a relevant consideration for this section 1782 application. *In re Kuwait Ports Auth.*, 2021 WL 5909999, at *9 (S.D.N.Y. Dec. 13, 2021) (holding that "to the extent there is some overlap in the information sought here and in the [Foreign] Proceeding . . . the proposed subpoena would likely provide corroborating information that would bear on those proceedings."); *see also Mees v. Buiter*, 793 F.3d 291, 303 (2d Cir. 2015) (rejecting requirement that section 1782 applicant must first exhaust foreign procedures).  When Athene vaguely refers to "careful negotiations that the parties to the Bermuda Action," it is referencing negotiations over a proposed "directions order" regarding *party* discovery.  Such orders are standard in Bermuda litigation and are not expected to restrict *third-party* discovery under Section 1782.

---

[2] Respondents made two limited productions, consisting almost entirely of repetitive board minutes and materials it chose to produce from its files.  Apollo did not agree to produce any emails or other electronic discovery.

[3] Accordingly, the references in this letter to "Petitioner" are intended to apply to the substituted petitioner once substituted.

Hon. Judge Andrew L. Carter
October 19, 2022
Page 3

*Fourth*, Respondents and Athene wrongly assume that only formal valuation materials are relevant to Athene's value.  As explained in the Declaration of Bermuda counsel filed with this petition, a Bermuda court would consider a wide variety of information concerning Merger negotiations and the circumstances surrounding the Merger. *See* ECF No. 7 at ¶¶ 11-12 (describing types of information that Bermuda courts would expect parties to obtain in discovery); ¶ 21 ("***all*** documents and information which may have a bearing on the fair valuation question should be provided." (emphasis in original)).  Petitioner intends to demonstrate in its opposition briefing that the Grand Court of the Cayman Islands[4] in appraisal cases has routinely considered conduct-related factors when considering whether the deal price is fair value, including, without limitation:  (a) whether the transaction process was in good faith; (b) the motivations of entities who had interests on both the buy and sell sides of the transaction; (c) the manner in which conflicts were managed; (d) and the influence that the existence of a significant shareholder had on the special committee's negotiating stance.[5]

Petitioner's discovery requests, including requests that concern Apollo's involvement in pre-Merger and Merger negotiations, its investments in Athene, and the management fees it received from Athene, go to the heart of Apollo's influence on the Merger.  The request for discovery related to Apollo's stock price is likewise directly relevant because Athene shareholders received only Apollo stock as consideration for the Merger, at a conversion ratio that Apollo refused to change even after the Apollo stock almost doubled in value before the Merger closed.

*Fifth*, Athene asserts that it would be unduly burdensome for Respondents to comply with the subpoenas.  Athene's assertion is based largely on its misconceptions discussed above regarding the scope of discovery relevant to the Bermuda appraisal proceeding.  But even if the discovery sought is inconvenient, Respondents will not be able to meet their burden to establish that the requests are unduly burdensome.  *See In re Evenstar Master Fund SPC for & on behalf of Evenstar Master Sub-Fund I Segregated Portfolio*, 2021 WL 3829991, at *13 (S.D.N.Y. Aug. 27, 2021) (movant must set forth "the manner and extent of the burden and the probable negative consequences of insisting on compliance.").

*Finally*, Mr. Rowan invokes the "apex doctrine" to claim that he is immune from deposition.  But Mr. Rowan was directly and personally involved in this $11 billion transaction, which renders that doctrine inapplicable.  *See* ECF No. 5 at 22 (citing cases).  Respondents' authorities involved senior executives who lacked unique personal knowledge of the relevant facts.  Mr. Rowan is in a fundamentally different position because he was the "force behind" Apollo's acquisition of Athene.  *See* ECF No. 6, Ex. G.  For example, Mr. Rowan launched the process for the acquisition by having a one-on-one lunch with a representative of Athene.  He then personally participated in negotiations for the Merger.  *See* ECF No. 5 at 6-7 (describing

---

[4] Because there is limited on-point Bermuda case-law, Bermuda courts rely on Cayman Islands cases on appraisal as persuasive authority. *See* ECF No. 7, ¶ 17.
[5] *See In re Nord Anglia Education, Inc.* (March 17, 2020) and *In re Trina Solar Limited* (September 23, 2020).

Hon. Judge Andrew L. Carter
October 19, 2022
Page 4

_____

Mr. Rowan's personal involvement).  Given Mr. Rowan's unique, direct, and specific knowledge of relevant facts, Petitioner is entitled to take his deposition.

We thank the Court for its consideration and look forward to further addressing these matters at a pre-motion conference.


Very truly yours,


Minyao Wang
REID COLLINS & TSAI LLP